LETTS, Judge.
The wife appeals from a final judgment of dissolution claiming she is entitled to permanent periodic alimony. We agree and reverse. We affirm the husband’s cross appeal.
This was a seventeen-year marriage.[1] No children were born of the union and the wife, aged fifty-nine, was a schoolteacher in a private school from which she derived no pension when she retired. She is currently unemployed.
The husband, age fifty-two, is a golf professional who testified that his gross income was $71,000 in 1985, the year before the final hearing.
We have no quarrel with any of the trial judge’s provisions for distribution except for the award of $750 per month rehabilitative alimony for a mere eighteen months. In our opinion, under the facts of this case, permanent alimony should have been awarded. See Moler v. Moler, 508 So.2d 520 (Fla. 4th DCA 1987); Allman v. Allman, 510 So.2d 1251 (Fla. 4th DCA 1987). We, therefore, reverse the rehabilitative award and remand with directions to make the award permanent rather than rehabilitative. It is true that the judge also granted the wife $20,000 as “lump sum alimony” but the judge specifically attributed this grant to the wife’s contribution to the marital home. Under the terms of the final judgment, the husband retains title to the marital home as his sole and exclusive property.
In all other respects this cause is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
HERSEY, C.J., concurs.
ANSTEAD, J., dissents without opinion.
*610 (Note: Anstead, J., did not participate at oral argument, but has reviewed the entire court file [including the tape of oral argument].)

. The parties were separated during the last three years of the marriage.